**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL ALEXANDER QUOYAH,

    Defendant - Appellant.

No. 15-6026
(D.C. No. 5:14-CR-00214-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

Pursuant to a plea agreement with a broad appeal waiver, Gabriel Alexander

Quoyah pleaded guilty to one count of felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him

to 120 months' imprisonment and entered judgment.  Despite his appeal waiver,

Mr. Quoyah filed a pro se notice of appeal.  The government has moved to enforce

the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

(en banc) (per curiam).

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

We appointed counsel to represent Mr. Quoyah in this matter. Counsel filed a response stating a belief that the appeal is frivolous and informing us that he would file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), if required to do so. We gave Mr. Quoyah an opportunity to respond, but he has not done so. Our resolution of the case is, therefore, based on counsel's intention to file an *Anders* brief, the government's motion to enforce, and our independent review of the record.

In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc), we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant-appellant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." Pursuant to our obligation under *Anders*, we have undertaken a searching review of the record in this case. That review unequivocally demonstrates that the *Hahn* factors favor enforcing Mr. Quoyah's waiver of appellate rights. Accordingly, we dismiss the appeal on the basis of *Hahn*.

Entered for the Court
Per Curiam